**IN THE COURT OF APPEALS OF IOWA**

No. 25-1476
Filed December 3, 2025

**IN THE INTEREST OF T.B.M.,**
**Minor Child,**

**C.B.M., Father,**
    Appellant.
_____

Appeal from the Iowa District Court for Polk County, Kimberly Ayotte, Judge.

A father appeals the termination of his parental rights.  **AFFIRMED.**

Sarah M. Yaske, West Des Moines, for appellant father.

Brenna Bird, Attorney General, and Mackenzie Moran, Assistant Attorney General, for appellee State.

Jami J. Hagemeier of Youth Law Center, Des Moines, attorney and guardian ad litem for minor child.

Considered without oral argument by Chicchelly, P.J., and Buller and Langholz, JJ.

**CHICCHELLY, Presiding Judge.**

A father[1] appeals the termination of his parental rights under Iowa Code section 232.116(1)(e) and (f) (2025). He argues (1) termination of his parental rights is not in the best interests of the child and (2) termination would be detrimental to the child due to the closeness of the parent-child relationship. He also requests additional time. Upon our de novo review, we affirm.

## I. Background Facts and Proceedings

The family came to the attention of the department of health and human services (HHS) in June 2020 when the mother tested positive for methamphetamine at a prenatal appointment for C.B.M.[2] HHS began to provide services to the family.

Ultimately, in January 2021, the State filed a petition alleging C.B.M. to be a child in need of assistance (CINA) after the mother, while pregnant with T.B.M., injured the father during a domestic abuse incident. C.B.M was adjudicated to be a CINA in March 2021. The mother was sentenced for her criminal matters and ordered to engage in substance use treatment. The juvenile court noted the family had unresolved domestic violence issues. C.B.M. was then placed in the custody of HHS. T.B.M. was born in May 2021, and soon thereafter the State filed a petition alleging she was a CINA under Iowa Code section 232.2(6)(c)(2) and (6)(n) (2021). T.B.M. was adjudicated a CINA in August 2021, but she was not removed from the parents' care.

---

[1] The mother's parental rights were also terminated but she is not a party to this appeal.

[2] C.B.M. is T.B.M's older half-brother on the mother's side. T.B.M. is the child at the center of this appeal.

The parents appeared to be making progress until December 2021, including C.B.M. transitioning back into the home. The father was not attending court-ordered child-parent psychotherapy, and the juvenile court found evidence of the father exercising "power and control" in his relationship with the mother. Evidence of this included the mother's limited access to money and transportation, and the father's verbal abuse of the mother and of C.B.M. The juvenile court ordered services to address these domestic abuse concerns. The juvenile court also entered a protective order with the mother as a protected party out of concern for continued domestic abuse.

In May 2023, the juvenile court moved the case towards closure as it found the family had made improvements. However, that plan was halted when the father punched C.B.M. in the face and strangled the mother in the presence of the children. That summer, the juvenile court ordered both C.B.M. and T.B.M. to be removed from parental custody and placed in foster care. The case continued to stay open because of the continued domestic violence, the mother's relapses, and the father's lack of participation in services. In May 2025, the State filed a petition to terminate parental rights of both of T.B.M.'s parents under Iowa Code section 232.116(1)(e) and (f) (2025). The juvenile court granted the petition. The father now appeals.

## II.     Standard of Review

We review termination-of-parental-rights proceedings de novo. *In re W.M.*, 957 N.W.2d 305, 312 (Iowa 2021). While not binding on us, we give weight to the juvenile court's fact findings, "particularly with respect to credibility determinations." *Id.*

### III.     Discussion

Our review follows a three-step analysis in reviewing the termination of a parent's rights. *See In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010). First, we consider whether statutory grounds for termination of the parent's rights exist under Iowa Code section 232.116(1). *Id.* Second, we look to whether termination of the parent's rights is in the children's best interests. *Id.* (citing Iowa Code § 232.116(2)). Third, we consider whether any of the exceptions to termination in section 232.116(3) should be applied. *Id.* But when the parent does not raise a claim relating to any of the three steps, we need not address that step and instead limit our review to the specific claims presented. *See id.* at 40 (recognizing we need not consider a step the parent does not challenge).

The father does not challenge the statutory grounds relied on by the district court. So, we limit our discussion to the father's arguments related to best interests, and permissive exceptions. We address each argument in turn.

#### a.  Best Interests

We first address the father's argument that termination is not in T.B.M.'s best interests. To determine whether termination of parental rights is in the best interests of the child, we must "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). "We also look to the child's long-range as well as immediate interests. . . . [W]e look to the parents' past performance because it may indicate the quality of care the parent is capable of providing in the future." *In re J.H.*, 952 N.W.2d 157, 171 (Iowa 2020) (cleaned up).

Here, the child has been subjected to domestic violence and child abuse in the home. The father has refused to engage in services that include child-parent psychotherapy, therapy to address mental health concerns and alcoholism, and he did not attend visitations with T.B.M. after she was removed. Each of these weighs in favor of termination being in the child's best interests. *See In re S.H.*, No. 24-1650, 2025 WL 547802, at *3 (Iowa Ct. App. Feb. 19, 2025) (holding that termination was in the child's best interests where the mother denied founded child abuse reports); Iowa Code § 232.116(2). So, we find termination is in the child's best interests.

### b. Statutory Exception

Next, we turn to the father's argument that the juvenile court should have applied a permissive exception to preclude termination. The father points us to the permissive exception contained in Iowa Code section 232.116(3)(c), which permits the court to forgo termination if "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." Iowa Code § 232.116(3)(c).

We begin with the premise that the exceptions are permissive and not mandatory. *See id.* For the permissive exceptions, the parent claiming the exception has the burden to prove it should apply. *In re A.S.*, 906 N.W.2d 467, 476 (Iowa 2018). But the father's attorney did not address any statutory exception at the termination hearing. Therefore, error is not preserved on this issue. *See In re E.W.*, No. 22-0647, 2022 WL 2347196, at *3 (Iowa Ct. App. June 29, 2022) (finding father did not preserve error on his exception-to-termination claim because he did not raise the issue in the juvenile court). And even if we found error was

preserved, evidence within the record falls far short of clear and convincing proof that termination would be detrimental to T.B.M. The father participated in few visits with the child, stopped attending therapy and demonstrated little accountability for his deficiencies.

### c. Additional Time.

The father's petition also requests a six-month extension prior to termination. First, this request was not placed in a separate issue heading and could be considered waived. *See In re L.A.*, 20 N.W.3d 529, 534 n.2 (Iowa Ct. App. 2025) (en banc). Even if we ignore this waiver issue, we would not grant a six-month extension. The juvenile court may grant a six-month extension to work toward reunification if it can "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." Iowa Code § 232.104(2)(b). But as the juvenile court found here, the father continues to deny striking C.B.M. and he refused to participate in services. We believe this is strong evidence that a six-month extension was not warranted. *See In re A.H.*, No. 23-0328, 2023 WL 3335425, at *4 (Iowa Ct. App. May 10, 2023) (concluding a six-month extension was not warranted where the father did not participate in services and had unaddressed domestic violence concerns).

**IV.    Conclusion**

Because we find termination was in the best interests of the child and the father did not preserve error on his request for a permissive exception or additional time, we affirm.

**AFFIRMED.**